# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **VIRGINIA M. HORN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00044 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Region III, Maija Pelly, Assistant Regional Counsel, and Kenneth DiVito, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner of Social Security (the "Commissioner").

I

The plaintiff, Virginia M. Horn, filed this action challenging the Commissioner's decision to deny her claim for disability insurance benefits under Title II of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401-34 (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

Horn protectively filed for benefits on January 5, 2006, alleging her disability began January 28, 2005. Her claim was denied initially and upon reconsideration. An administrative law judge ("ALJ") held a hearing on November 29, 2007, in which Horn, represented by counsel, and a vocational expert ("VE") testified. The ALJ rejected Horn's claim on March 27, 2008. The Commissioner's decision became final when the Social Security Administration's Appeals Council (the "Appeals Council") denied Horn's request for review on May 28, 2009. Thereafter, Horn filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross-motions for judgment and have fully briefed the issues. The case is now ripe for decision.

II

Horn was forty-six-years old at the time of the ALJ's decision, a person of younger age under the regulations. *See* 20 C.F.R. § 404.1563(c) (2009). Horn completed high school and attended four years of college. Before the alleged onset of her disability, Horn worked as a registered nurse for over twenty years.

Horn claims her disability is caused by a combination of impairments including muscle and nerve damage in her hands, legs, and feet, and depression, and she provided medical records to the ALJ to substantiate her claim. After reviewing the

evidence, the ALJ found that Horn suffered from the severe impairments of depression, obesity, alcoholism in remission, neuropathy of the lower extremities, and degenerative disc disease of the back. The ALJ determined that none of these impairments qualified as any of the agency's listed disabilities, either alone or in combination.

Based on these findings, the ALJ found Horn had the residual functional capacity to perform sedentary work that requires only occasional crouching, crawling, and stooping, involves only simple, non-complex tasks, takes place in a temperature controlled environment, allows for her to alternate between sitting and standing with three to four brief stretch breaks per day, and does not require climbing or working at heights. The VE testified that someone with Horn's residual functional capacity would be able to perform the job duties of an unskilled clerical worker and a telephone solicitor. According to the VE, there are approximately 8,000 such jobs in the region and 195,000 in the national economy. Relying on this testimony, the ALJ concluded that Horn was able to perform work that existed in significant numbers in the national economy and was therefore not disabled.

When requesting that the Appeals Council review the ALJ's decision, Horn submitted new medical reports to the Appeals Council from physician Shawn Nelson, M.D., dated February 28, 2008, March 12, 2008, and June 12, 2008. The Appeals

Council summarily denied Horn's request, stating, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence . . . . We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (R. at 6-7.)

Horn argues the ALJ's decision is not supported by substantial evidence. For the reasons detailed below, I disagree.

III

The plaintiff bears the burden of proving that she is suffering from a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past

relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520(a)(4) (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *See id.*; *Bennett v. Sullivan*, 917 F.2d 157, 159 (4th Cir. 1990). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2009); *see also Reichenbach v. Heckler*, 808 F.2d 309, 311 (4th Cir. 1985). If the claimant can perform work that exists in significant numbers in the national economy, then she does not have a disability. *See* 20 C.F.R. § 404.1566(b) (2009).

This court must uphold the ALJ's findings if substantial evidence supports them and they were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

A

Horn first argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to fully consider the findings of state agency neurologist Jack Scariano, Jr., M.D., who conducted the neurological consultative exam. However, the ALJ discussed Dr. Scariano's findings in her decision and adequately explained why some of Dr. Scariano's conclusions were given limited weight.

Dr. Scariano was consulted specifically to determine what limitations, if any, existed in Horn's ability to use her arms or hands. In reviewing Dr. Scariano's report, the ALJ noted that his objective findings were at odds with some of his conclusions. On one hand, Dr. Scariano performed an EMG/nerve conduction study on Horn's upper extremities and the results were normal: "The arms did not show any generalized signs of neuropathy and it shows normal nerve conduction of the upper extremities." (R. at 312.) Dr. Scariano also found that Horn was able to carry small objects and "sort, handle, and use paper/files." (R. at 316, 320.)

On the other hand, Dr. Scariano opined that Horn was "unable to perform gainful employment." (R. at 313.) The ALJ rejected this finding because it was not consistent with the objective physical findings of Dr. Scariano or with the form Dr. Scariano completed of Horn's physical capabilities. On the assessment form, Dr.

Scariano's answers considered as a whole indicated that Horn could perform sedentary work. The ALJ also rejected Dr. Scariano's conclusion because only the Commissioner has the authority to determine whether or not a person is able to attain substantial gainful employment. *See* 20 C.F.R. § 404.1527(e) (2009).

Additionally, Horn contends that the ALJ "completely ignored" Dr. Scariano conclusion that Horn could only occasionally handle, finger, feel, push, or pull with her hands. (Br. Supp. Pl.'s Mot. Summ. J. 13.) But the ALJ actually gave *greater* weight to Dr. Scariano's opinion than others' on this issue. Even though other state agency physicians believed Horn could perform light exertion work, based on Dr. Scariano's report, the ALJ limited Horn to jobs that required only sedentary exertion. Lifting, carrying, pushing, and pulling are tasks requiring physical exertion, and sedentary work, by definition, involves only *occasional* lifting or carrying of "articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567, .1567a (2009).

Consequently, I find that the ALJ did fully consider and evaluate Dr. Scariano's report.

B

Horn next argues that the Appeals Council erred because it failed to give any reason for its finding that the newly submitted records from Dr. Nelson did not justify

further administrative action. This argument is baseless. "[T]he Appeals Council is not expressly required by the regulations to state its rationale for denying review." *Ridings v. Apfel*, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999) (citing 20 C.F.R. § 404.970(b) (2009)). Therefore, I cannot overturn the Commissioner's decision simply because the Appeals Council denied the request for review without explanation.

C

Alternatively, Horn contends that Dr. Nelson's latest records warrant a remand because they are new and material, and relate to the appropriate time period. This argument also fails.

Because the Appeals Council considered Horn's additional evidence before denying her request, this court must "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc). "This task is a difficult one, since in essence the court must review the ALJ's decision — deemed the final decision of the Commissioner — in the light of evidence which the ALJ never considered, and thus never evaluated or explained." *Ridings*, 76 F. Supp. 2d at 709. It is the role of the ALJ, not this court, to resolve evidentiary conflicts, including inconsistencies in the evidence. *See Hays*

*v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this court needs to carefully balance its duty to review the entire record with its obligation to abstain from making factual determinations. *See Davis v. Barnhart*, 392 F. Supp. 2d 747, 751 (W.D. Va. 2005).

Previous courts have navigated this fine-line by limiting the analysis of the additional evidence, focusing the inquiry on the narrow question of whether the new evidence "is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports." *Id.* (citation and internal quotation marks omitted). If the evidence does create a conflict, then the case is remanded for the Commissioner to weigh and resolve the conflicting evidence. *Id.*

I find that Dr. Nelson's records from February to June 2008 make no new findings or diagnoses. Dr. Nelson treated Horn over a lengthy period of time and he did not indicate that Horn's health had deteriorated or otherwise changed since Dr. Nelson's previous examinations. Moreover, all of Dr. Nelson's objective findings are consistent with those he and other physicians made previously. Although Dr. Nelson opined that Horn was unable to work in a form filled out on March 12, 2008, as discussed earlier, this is a finding that is reserved solely for the Commissioner. Consequently, this evidence does not contradict or call into doubt previous medical

findings, and thus, does not require a remand for further consideration. Accordingly, I find that the ALJ's decision is supported by substantial evidence.

IV

For the foregoing reasons, Horn's motion for judgment will be denied, the Commissioner's motion for judgment will be granted, and the final decision of the Commissioner will be affirmed. An appropriate final judgment will be entered.

DATED: May 18, 2010

/S/ JAMES P. JONES
Chief United States District Judge